*E-filed on*   8/7/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILLIP J. KRONZER FOUNDATION FOR RELIGIOUS RESEARCH and PHILLIP J. KRONZER,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE DOLAN, THE GLOBAL COALITION TO END HUMAN TRAFFICKING NOW, and DOES ONE THROUGH TWENTY-FIVE,<br><br>Defendants. | No. C-05-02077 RMW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**[Re Docket Nos. 69, 73, 74, 77]** |

Plaintiffs Phillip J. Kronzer Foundation for Religious Research and Phillip J. Kronzer (collectively "Kronzer") filed this action against Christine Dolan and the Global Coalition to End Human Trafficking Now ("GCEHTN"). Each defendant filed a motion to dismiss.

On July 19, 2006—two days before the scheduled hearing date on the motions to dismiss—Kronzer filed a notice of voluntary dismissal as to Dolan. As Dolan has filed neither an answer nor a motion for summary judgment, Kronzer's notice meets the requirements of Rule 41(a)(1)(i) and was therefore effective to dismiss Dolan. The court therefore lacks the authority to grant Dolan's request to make her dismissal with prejudice. Dolan's dismissal does not appear to be covered by the last sentence of Rule 41(a), which states a second dismissal is with prejudice if

ORDER GRANTING MOTION TO DISMISS—No. C-05-02077 RMW
JAH

it is "based on or includ[es] the same claim," although the parties appear to have previously engaged in litigation involving other claims.

Dolan's dismissal leaves the sole cause of action in Kronzer's operative complaint one seeking a declaratory judgment that GCEHTN "is the alter ego of" the International Humanitarian Campaign Against the Exploitation of Children ("IHCAEC"), against which Kronzer obtained a default judgment before this court in Case No. C-04-01462. *See* First Am. Compl. ("FAC") at 6. GCEHTN has moved to dismiss Kronzer's complaint for lack of personal jurisdiction, under Rule 12(b)(2); improper venue, under Rule 12(b)(3); and failure to state a claim upon which relief can be granted, under Rule 12(b)(6).

Krozner alleges that GCEHTN was formed and is based in Washington, D.C. FAC ¶¶ 3, 7. Kronzer also alleges that GCEHTN "is connected to Knightsbridge, Inc, a California non-profit." *Id*. ¶ 10. While GCEHTN has a website on which it solicits donations, it "has not received any donations from any California residents or <u>specifically</u> solicited donations from any California residents." Am. Black Decl. ¶ 16.

California courts clearly lack general jurisdiction over GCEHTN. For this court to have specific jurisdiction over GCEHTN, the court must determine that "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy*, __ F.3d ___, 2006 WL 1897091, *2 (9th Cir. Jul. 12, 2006). The first prong may be satisfied by showing the defendant engaged in "action taking place in the forum that invokes the benefits and protections of the laws in the forum" or "action taking place outside the forum that is directed at the forum." *Id*. at *3 (citations omitted). A passive website, with nothing more, is not "expressly aimed" at a jurisdiction where it is accessible and is therefore not evidence of purposeful availment. *Id*. at *4; *see also id*. at *5 ("when a website advertiser does nothing other than register a domain name and post an essentially passive website and nothing else is done to encourage residents of the forum state, there is no personal jurisdiction.") (brackets and quotation marks omitted); *id*. at *6 (rejecting "any contention that a

ORDER GRANTING MOTION TO DISMISS—No. C-05-02077 RMW
JAH                                                       2

passive website constitutes expressed aiming").

Nor has Kronzer satisfied the second prong, that his "claim must be one which arises out of or results from the defendant's forum-related activities." *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Kronzer's claim deals only with the formation of GCEHTN, which, by his own admission, occurred wholly in Washington, D.C. That GCEHTN has a website accessible in California and "is connected to Knightsbridge" is insufficiently related to the formation of GCEHTN. Though the allegation that GCEHTN was created to avoid a judgment of this court makes it a close question, the court must conclude that it lacks specific jurisdiction over GCEHTN for Kronzer's claim as pled.

For similar reasons, venue is improper here because GCEHTN does not reside in California and all substantial events giving rise to Kronzer's claim against GCEHTN occurred in Washington, D.C. *See* 28 U.S.C. § 1391(a). The court reaches neither GCEHTN's motion to dismiss under Rule 12(b)(6) nor the merits of Kronzer's claims.

"Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995). As Kronzer has not made a sufficient showing to justify jurisdictional discovery, his jurisdictional discovery request is denied.

At oral argument, Kronzer admitted a claim for declaratory relief may not be the best way to proceed against GCEHTN. Kronzer requested that any dismissal be with leave to amend. Kronzer's request for leave to amend is granted, but Kronzer should ensure that any future filings meet the requirements of Rule 11(b).

**ORDER**

For the foregoing reasons, the court

(1) grants defendant GCEHTN's motion to dismiss for lack of personal jurisdiction and improper venue, though without prejudice to refiling;

(2) does not reach GCEHTN's motion to dismiss for failure to state a claim upon which relief can be granted; and

1  (3) denies Kronzer's request for discovery.

3  DATED:    8/2/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

Case 5:05-cv-02077-RMW   Document 89   Filed 08/07/06   Page 5 of 5

**United States District Court**
For the Northern District of California

1   **A copy of this order was mailed on _____ to:**

2   **Counsel for Plaintiffs:**

3   Jonathan Levy
Law Offices of Thomas Easton
4   2890 Emerald Street
Eugene, OR 97403

5

Thomas Easton
6   Law Office of Thomas Easton
967 Sunset Dr
7   Springfield, OR 97477

8   **Counsel for Defendants:**

9   Christine Dolan (*pro se*)
3421 Dent Place, NW
10   Washington, DC 20007

11   Arturo Esteban Sandoval; Jill M. Kastner
McDermott, Will & Emery
12   3150 Porter Drive
Palo Alto, CA 94304

13

14   Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS—No. C-05-02077 RMW
JAH       5